UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENN R. SHREIBER, : | |
| Plaintiff, : | |
| : | |
| v. : | 3:11-cv-01409-WWE |
| : | |
| UNITED TECHNOLOGIES CORP., : | |
| PRATT & WHITNEY, : | |
| LOUIS R. CHENEVERT, : | |
| GREGORY J. HAYES, : | |
| DAVID P. HESS, : | |
| PETER A. GUTERMANN, : | |
| ROBERT E. MCGUINNESS, : | |
| WALTER F. EELLS, JR., : | |
| Defendants. : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

*Pro se* plaintiff Glenn Shreiber filed this action against defendants United Technologies Corp. ("UTC"), Pratt & Whitney ("Pratt"), Louis Chenevert, Gregory Hayes, David Hess, Peter Gutermann, Robert McGuinness, and Walter Eells, Jr. based primarily on breach of contract claims. Plaintiff also claims dissatisfaction with Pratt for garnishing his wages and for falsely accusing him of forging documents.

For the following reasons, defendants' motion to dismiss will be granted.

**BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

*Pro se* plaintiff's amended complaint consists of ten counts, some of which are redundant, most of which do not state valid causes of action, e.g., "Count VI: False and Misleading Worker Accusations . . . Count VII: Failure to State a Cause of Action or Give

1

Relief." Therefore, the Court reviews the sufficiency of plaintiff's pleadings mindful of its duty to construe more liberally his *pro se* complaint.

Essentially, plaintiff has claimed that defendants have dishonored and defaulted on eleven contracts and administrative notices sent to defendants by plaintiff. These contracts and notices were properly served via Brandywine Process Servers Ltd. to the UTC registered agent known as The Corporation Trust Company. Plaintiff argues that since defendants never rebutted or disagreed with any of the eleven contracts and notices, they are valid and entitle him to millions of dollars.

Additionally, plaintiff contends that securities fraud and trafficking may have occurred since defendants were unwilling to produce any valid judgments or valid court orders to justify pay attachments or pay garnishments. Plaintiff did not agree with any pay garnishments and argues that the garnishments were not authorized. Defendants contends that Pratt received three wage garnishment orders: one from the California Department of Child Support Services and two from the Connecticut Superior Court. These orders were attached as exhibits to defendants' motion to dismiss. The Court considers these materials because the complaint is found to rely heavily upon the documents' terms and effects rendering them integral to the complaint. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).

Finally, plaintiff claims he was falsely accused of forgery and falsifying company records and that the basis for his termination was unreasonable. However, plaintiff admits to giving himself powers of attorney for UTC. Plaintiff requests that he be made whole for all losses in the amount that defendants have failed to "disagree with" - pursuant to the eleven contracts and notices - in the amount of $142,000,000.00

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008).  The Court reviews the sufficiency of plaintiff's pleadings mindful of this duty to construe more liberally his *pro se* complaint.

The primary thrust of plaintiff's complaint is a breach of contract claim based on letters he sent to defendants since October, 2010.  Plaintiff's letters demanded that Pratt pay him the amounts withheld from his paychecks because of garnishment orders.  In essence, plaintiff claims that, because defendants didn't respond to his letters, they accepted his demands for millions of dollars.  However, "[s]ilence alone does not constitute an 'expression of acceptance' of an offer or a counteroffer under normal circumstances." Beech Aircraft Corp. V. Flexible Tubing Corp.,

270 F. Supp 548, 558 (D. Conn. 1967).  It does not here.  Thus, plaintiff's claims based on breach of contract are not plausible.

Considering defendants' reliance on court orders in garnishing plaintiff's wages, plaintiff's claim that such garnishment was invalid requires amplification to render it plausible.  The orders themselves provided opportunity for plaintiff to challenge them.  Plaintiff's cannot simply disregard that opportunity in favor of claiming that defendants compliance with the court order was improper.  Such a claim is insufficient to raise a right to relief above the speculative level.

Plaintiff's claim that he was falsely accused of forging company records as the basis for his termination is similarly without merit.  Defendants assert that at some point in February 2011, plaintiff copied from the SEC's website various powers of attorney signed by members of UTC's Board of Directors and forged them to include his name.  Subsequently, plaintiff sent Pratt a letter containing a copy of the forged powers of attorney.  In the letter, plaintiff made a demand for $32,168,717.86 and stated that, within three days, he would have the authority as UTC's power of attorney to perfect his claim.  Accordingly, Pratt decided to terminate plaintiff's employment.

Plaintiff's amended complaint [Doc. 29, ¶ 33] admits that plaintiff created his "own" powers of attorney for UTC, and that this was the reason for his termination.  Thus, the claim that plaintiff was falsely accused is not facially plausible.

Even considering his *pro se* status, plaintiff has failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  Therefore, his complaint will be dismissed in its

entirety.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  The Clerk is instructed to close this case.


Dated this 7th day of September, 2012 at Bridgeport, Connecticut.


```
               _____/s/_____
                              WARREN W. EGINTON
                              SENIOR UNITED STATES DISTRICT JUDGE
```